# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATALY MENDOZA & DAVID FLORES RIOS as Special Administrators of the Estate of MARTHA RABADAN, and NATALY MENDOZA as Special Administrator of the Estates of MARIA MENDOZA and IGNACIO CASTRO, Decedents, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:19-cv-3952 |
| v. | ) ) | |
| JUJHAR SINGH and BSB TRANSPORT, INC., | ) ) | PLAINTIFFS DEMAND TRIAL BY JURY |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiffs, NATALY MENDOZA & DAVID FLORES RIOS as Special Administrators of the Estate of MARTHA RABADAN, and NATALY MENDOZA as Special Administrator of the Estates of MARIA MENDOZA and IGNACIO CASTRO, Decedents, by and through his attorneys, WHITING LAW GROUP, LTD., complains of the Defendants, JUJHAR SINGH, BSB TRANSPORT, INC., and states as follows:

## COUNT I
## JURISDICTIONAL ALLEGATIONS

1.  Plaintiffs, NATALY MENDOZA & DAVID FLORES RIOS as Special Administrators of the Estate of MARTHA RABADAN, and NATALY MENDOZA as Special Administrator of the Estates of MARIA MENDOZA and IGNACIO CASTRO, Decedents, are and at all times relevant to this matter, reside in Aurora, Illinois of Kane County.

2.  Defendant, JUJHAR SINGH, is and at all times relevant to this matter, resides in Fresno, California.

3. Defendant, BSB TRANSTPORT, INC., is a California corporation with its principal place of business in Clovis, California.

4. This action is properly before this Court due to the jurisdiction over the parties, in that Plaintiffs are domiciled in Illinois and the Defendants are citizens and corporations of the state of California.

5. That no Plaintiffs or Defendants are citizens of the same state.

6. The damages suffered by Plaintiffs far exceed $75,000.00, the jurisdictional minimum of this court.

**COUNT II**
**WRONGFUL DEATH**
**NEGLIGENCE / RESPONDEAT SUPERIOR**
**PLAINTIFFS' and DECEDENTS MARTHA RABADAN, MARIA MENDOZA and IGNACIO CASTRO, vs. JUJHAR SINGH and BSB TRANSPORT, INC.**

1. On or about June 8, 2019, Defendants, BSB TRANSPORT, INC., hired, retained, and/or contracted with Defendant, JUJHAR SINGH to transport a load of goods.

2. As of June 8, 2019 pursuant to F.M.C.S.R., 49 C.F.R. § 390.3(b), Defendant, JUJHAR SINGH, operated his tractor trailer, as and in the capacity of, agent, servant, and/or employee of the Defendant, BSB TRANSPORT, INC.

3. As of June 8, 2019, pursuant to F.M.C.S.R., 49 C.F.R. § 390.3(b), Defendant BSB TRANSPORT, INC. is vicariously liable for all actions of their agent(s), Defendant Jujhar Singh.

4. On June 8, 2019, Defendant or JUJHAR SINGH and BSB TRANSPORT, INC. drove, managed and maintained a tractor and trailer that were travelling westbound on interstate 44 at the 225.6 mile marker in Franklin County of the State of Missouri.

5. On June 8, 2019, Plaintiffs' decedents drove, managed and maintained a vehicle that was travelling westbound on interstate 44 at the 225.6 mile marker in Franklin County of the

State of Missouri and were in the exercise of ordinary care and caution for their vehicle, as well as their own safety.

6. At all times pursuant hereto, it was the duty of the Defendants, JUJHAR SINGH and BSB TRANSPORT, INC., to operate their tractor and trailer with the ordinary care for the safety of others and property of others then and there upon said roadway.

7. At all times pursuant hereto, under 49 U.S.C. § 14101(a) it was also the duty of the Defendants as motor carriers/brokers that they "shall provide safe and adequate service, equipment, and facilities."

8. That notwithstanding the aforesaid duties as alleged in the preceding paragraphs, Defendants, JUJHAR SINGH AND BSB TRANSPORT, INC., then and there carelessly and negligently did, or failed to do, one or more of the following acts:

    a. Failed to keep the proper lookout 12 to 15 seconds ahead for vehicles such as the Plaintiffs' Decedents' while driving their tractor and trailer on I-44;

    b. Failed to drive their tractor and trailer at a speed or keep proper lookout which would have prevented their tractor and trailer from hitting the Plaintiffs' Decedents on I-44;

    c. Failed to decrease speed as was legally required to avoid colliding with the Plaintiffs' Decedents in compliance with the legal requirements and the duty on I-44;

    d. Operated said tractor and trailer at a speed which was greater than was reasonable and proper with regard to traffic conditions and which endangered the safety of the person and property of others, including the Plaintiffs' Decedents.;

    e. Operated their tractor and trailer in violation of the safety fitness standards for authorized motor carriers and drivers as required by law.

    f. Improperly changed their tractor and trailer from the traffic lane without first ascertaining that such movement could be made safely to other vehicles, including the Plaintiffs' Decedents' vehicle;

      g.    Failed to provide adequate space management when changing lanes to avoid colliding with the Plaintiffs' Decedents' vehicle;

      h.    Failed to operate their tractor and trailer with adequate surveillance when changing lanes as necessary to avoid colliding with the Plaintiffs' Decedents' vehicle on I-44;

      i.    Failed to recognize the potential hazards when changing lanes to avoid colliding with the Plaintiffs' Decedents' vehicle on the highway; and

      j.    Failed to safely control potential hazards when changing lanes to avoid colliding with the Plaintiffs' Decedents' vehicle on I-44.

10. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, the tractor and trailer operated by the Defendants, JUJHAR SINGH and BSB TRANSPORT, INC. did then and there run collides with Plaintiffs' Decedents' vehicle.

11. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendants, JUJHAR SINGH and BSB TRANSPORT, INC. the Plaintiffs' Decedents', MARTHA RABADAN, MARIA MENDOZA and IGNACIO CASTRO died on or about June 8, 2019.

12. At all times pursuant hereto, pursuant to the F.M.C.S.R. 49. U.S.C. § 14101(a), an interstate motor carrier, broker and/or freight forwarder providing transportation or services subject to the Federal Motor Carrier Act are liable for damages sustained by a person as a result of an act or omission by that interstate motor carrier, broker and/or freight forwarder in violation of such federal rules and regulations.

13. That the Decedent, MARTHA RABADAN, is survived by her daughter, NATALY MENDOZA, her husband DAVID FLORES RIOS and her the Decedents, MARIA MENDOZA and IGNACIO CASTRO are survived by their granddaughter, NATALY

4

MENDOZA who have sustained substantial pecuniary loss of love, society and companionship by reason of the Decedents death.

14. That on and subsequent to June 8, 2019, the ESTATES OF MARTHA RABADAN, MARIA MENDOZA AND IGNACIO CASTRO DECEDENTS did then and there become obligated for various sums of money for the medical, hospital, funeral care and costs of each of the Decedents, pursuant to the Family Expense Act, 750 ILCS 65/15.

15. That this action is brought pursuant to 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiffs' and Decedents, demand judgment against the Defendants, JUJHAR SINGH and BSB TRANSPORT, INC. in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), the minimum jurisdictional amount of this Court, and any and all other relief this Court deems appropriate.

**COUNT III**
**WRONGFUL DEATH**
**NEGLIGENT ENTRUSTMENT**
**PLAINTIFFS' and DECEDENTS, MARTHA RABADAN, MARIA MENDOZA and IGNACIO CASTRO, vs. JUJHAR SINGH AND BSB TRANSPORT, INC.**

1-15. Plaintiffs' Decedents' realleges and repleads all of the allegations set forth in paragraphs 1 through 15 of Count II of this Complaint with the same force and effect as though they were more fully and specifically set forth herein.

16. On June 8, 2019, Defendants, JUJHAR SINGH and BSB TRANSPORT, INC. acting as licensed motor carriers for their own financial gain, negligently entrusted to Defendant JUJHAR SINGH an authorized motor common carrier of property, to transport a load for Defendant BSB TRANSPORT, INC.

5

17. On June 8, 2019 Defendant, BSB TRANSPORT, INC., knowledgeable and sophisticated motor carrier brokers and/or freight forwarding companies, knew or should have known that Defendant, JUJHAR SINGH was unsuited and unfit to operate safely as required by the Federal Motor Carrier Safety Administration and Regulations and was, therefore unable to provide safe and adequate service, equipment, and facilities, as mandated under 49 U.S.C. § 14101(a).

18. The Defendant, BSB TRANSPORT, INC., had a duty to properly exercise its discretion as licensed motor carrier in arranging for transportation of a load of goods by a fit, safe, and competent driver and/or operator.

19. That notwithstanding the aforesaid duty, the Defendant BSB TRANSPORT, INC., had a duty to properly exercise their discretion as licensed trucking brokers in arranging for transportation of a fit, safe, and competent motor carrier.

20. That notwithstanding the aforesaid duty, the Defendants, JUJHAR SINGH AND BSB TRANSPORT, INC., then and there carelessly and negligently did, or failed to do, one or more of the following acts:

    a. Improperly hired, employed, promoted, trained, retained, and/or supervised various agents, motor carriers, servants, workers, and/or employees, such as JUJHAR SINGH who had the responsibility and/or obligation to properly inspect, maintain, repair, take out of operation, and/or operate the tractor and trailer that was involved in the collision with the Plaintiffs' Decedents', on June 8, 2019;

    b. Improperly permitted the various agents, motor carriers, servants, workers, and/or employees, such as JUJHAR SINGH, to continue to work as agents, motor carriers, servants, workers, and/or employees when the Defendants knew and/or should have known that they were unable to and/or incapable of properly performing the requirements of their respective employment, agency, and/or duties;

    c. Failed to establish procedures or programs to determine whether employees and or potential employees were and/or are fit and capable of

properly performing the requirements of their respective employment, agency, and/or duties.

21. That as a direct and proximate result of the aforesaid careless and negligent acts and/or omissions of the Defendants, the tractor and trailer operated by Defendant, JUJHAR SINGH collided with Plaintiffs' Decedents' vehicle.

22. That as a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the Defendants JUJHAR SINGH AND BSB TRANSPORT, INC., Plaintiffs' Decedents' died on or about June 8, 2019.

23. At all times pursuant hereto, pursuant to the F.M.C.S.R. 49. U.S.C. § 14101(a), an interstate motor carrier, broker and/or freight forwarder providing transportation or services subject to the Federal Motor Carrier Act are liable for damages sustained by a person as a result of an act or omission by that interstate motor carrier, broker and/or freight forwarder in violation of such federal rules and regulations

24. That the Decedent, MARTHA RABADAN, is survived by her daughter, NATALY MENDOZA, her husband DAVID FLORES RIOS and the Decedents, MARIA MENDOZA and IGNACIO CASTRO are survived by their granddaughter, NATALY MENDOZA who have sustained substantial pecuniary loss of love, society and companionship by reason of Decedents death.

25. That on and subsequent to June 8, 2019, the ESTATE OF MARTHA RABADAN, MARIA MENDOZA AND IGNACIO CASTRO did then and there become obligated for various sums of money for the medical, hospital, funeral care and costs of each Plaintiffs' Decedents', pursuant to the Family Expense Act, 750 ILCS 65/15.

26. That this action is brought pursuant to 740 ILCS 180/1 et seq., commonly known as the Illinois Wrongful Death Act.

WHEREFORE, the Plaintiffs' and Decedents', demands judgment against the Defendants, JUJHAR SINGH AND BSB TRANSPORT, INC. in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), the minimum jurisdictional amount of this Court, and any and all other relief this Court deems appropriate.

                              Respectfully Submitted,

                              /s/ Timothy M. Whiting
                              One of the Attorneys for Plaintiffs

Timothy M. Whiting (6230517)
WHITING LAW GROUP, LTD.
901 W. Jackson Blvd., #400
Chicago, IL 60607
Phone: (312) 372-1655

## CERTIFICATE OF SERVICE

      I hereby certify that on June 12, 2019, a copy of the foregoing Complaint At Law was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Timothy M. Whiting
Timothy M. Whiting
WHITING LAW GROUP, LTD.
One East Wacker Drive, Suite 2300
Chicago, IL 60601
Phone: (312) 372-1655
twhiting@wlglaw.net