3574D

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NATALY MENDOZA, as Special Administrator of the Estates of MARTHA RABADAN, MARIA MENDOZA, and IGNACIO CASTRO, Decedents, <br><br> Plaintiff, <br><br> vs. <br><br> JUJHAR SINGH; BSB TRANSPORT, INC.; and RELIABLE TRANSPORTATION SOLUTIONS, LLC, <br><br> Defendants. | Case No. 1:19-cv-03952 <br><br> Hon. District Judge Charles R. Norgle |

**DEFENDANTS JUJHAR SINGH AND BSB TRANSPORT, INC.'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT FOR LACK OF <u>PERSONAL JURISDICTION AND IMPROPER VENUE</u>**

Defendants Jujhar Singh ("Mr. Singh") and BSB Transport, Inc. ("BSB Transport," collectively, the "BSB Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), hereby move this Court to dismiss the BSB Defendants from the First Amended Complaint for lack of personal jurisdiction, or in the alternative, to dismiss this case for improper venue. In support of this motion, the BSB Defendants state as follows:

**I. INTRODUCTION**

The BSB Defendants should be dismissed from the First Amended Complaint because this Court lacks personal jurisdiction over them. BSB Transport is not

"essentially at home" in Illinois and no facts alleged establish such connections to Illinois for BSB Transport. Mr. Singh has no ties to Illinois. The BSB Defendants are citizens of California. The accident at issue in the First Amended Complaint occurred in Missouri. There are no allegations in the First Amended Complaint tying action in Illinois to the accident in Missouri. Therefore, an Illinois court has neither general nor specific jurisdiction over the BSB Defendants for purposes of the First Amended Complaint.

In the alternative, this case should be dismissed for improper venue. None of the named defendants are residents of Illinois and the alleged tort at issue occurred in Missouri, not in Illinois. This matter could have been brought in the Eastern District of Missouri but plaintiff chose to bring her suit in the Northern District of Illinois. No "substantial part of the events or omissions giving rise to the claim occurred" in Illinois, or for that matter, in the Northern District of Illinois. 28 U.S.C. 1391(b)(2). Therefore, the First Amended Complaint should be dismissed for improper venue.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2019, Nataly Mendoza ("Ms. Mendoza"), as the Special Administrator of the Estates of Martha Rabadan, Maria Mendoza, and Ignacio Castro, filed her First Amended Complaint. *See* **Exhibit A**, First Amended Complaint [Doc. 35]. The First Amended Complaint revolves around an automobile accident in Franklin County, Missouri. **Ex. A** at 2-3, ¶¶ 4-6. The First Amended Complaint alleges that BSB Transport is a citizen of California. **Ex. A** at 1-2. The First Amended Complaint alleges that Mr. Singh is a citizen of California. **Ex. A** at

1. The First Amended Complaint alleges that co-defendant Reliable Transportation Solutions, LLC ("Reliable") is a citizen of Ohio. **Ex. A** at 2. Ms. Mendoza is the Special Administrator of the Estates of three decedents who were citizens of Illinois. **Ex. A** at 1.

The only allegations related to personal jurisdiction or proper venue in the First Amended Complaint are that "all Defendants conduct substantial business in Illinois, including arranging for the transportation of property through Illinois" and "[u]pon belief, the subject load had been transported through Illinois." **Ex. A** at 2. The First Amended Complaint does not specify a basis for personal jurisdiction and only cites to 28 U.S.C. § 1332(a) (diversity jurisdiction) and 28 U.S.C. § 1391(c) (residency for venue purposes) in its jurisdictional and venue statements. *See* **Ex. A** at 1-2. Presumably, the First Amended Complaint relies on the Illinois long-arm statute at 735 ILCS 5/2-209 for personal jurisdiction.

On December 26, 2019, Mr. Singh made a declaration in support of this motion. *See* **Exhibit B**, Declaration of Jujhar Singh. Mr. Singh confirmed that he resides in California. **Ex. B** at 1, ¶ 3. Mr. Singh declared that he has "never resided, or otherwise lived, in the State of Illinois." **Ex. B** at 1, ¶ 4. Mr. Singh has never been employed by a company in Illinois. **Ex. B** at 2, ¶ 5. Mr. Singh has never attempted to do business in Illinois or otherwise gain any sort of licensure or registration in Illinois. **Ex. B** at 2, ¶ 6. Mr. Singh has "no personal ties to the State of Illinois." **Ex. B** at 2, ¶ 7.

On December 23, 2019, Ravinder Brar ("Mr. Brar"), the President of BSB Transport made a declaration in support of this motion. *See* **Exhibit C**, Declaration

of Ravinder Brar. Mr. Brar confirmed the factual details establishing BSB Transport as a citizen of California. **Ex. C** at 1, ¶ 4. Mr. Brar, on behalf of BSB Transport, declared that BSB Transport does not have any parent or subsidiary corporations. **Ex. C** at 1, ¶ 5. Mr. Brar declared that BSB Transport is not registered to do business in Illinois, has no offices in Illinois, does not own property in Illinois, does not solicit business through advertisements in Illinois, does not have any registered agents in Illinois, and does not have any employees that reside in Illinois. **Ex. C** at 1, ¶¶ 6-10.

## III.  LEGAL STANDARD

### A.  Legal Standard for a Motion to Dismiss for Lack of Personal Jurisdiction Under Federal Rule of Civil Procedure 12(b)(2).

Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") allows a party to assert a defense of lack of personal jurisdiction via motion. *See* Fed. R. Civ. P. 12(b)(2). "Once a defendant has moved for a dismissal based on lack of personal jurisdiction, 'the plaintiff bears the burden of demonstrating the existence of jurisdiction.'" *Kipp v. SKI Enter. Corp. of Wis.*, 783 F.3d 695, 697 (7th Cir. 2015) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)).

"A federal district court with subject matter jurisdiction based on diversity of citizenship may exercise personal jurisdiction over a defendant only if personal jurisdiction is proper in the state in which it sits." *Hayward v. Taylor Truck Line, Inc.*, 15-cv-00866, 2015 WL 5444787, at *8 (N.D. Ill. Sept. 14, 2015) (citing *Kipp*, 783 F.3d at 697 (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002)). "[T]here is no operative difference between" the constitutional limits of the Illinois Constitution or the United States Constitution for purposes of exercising personal

jurisdiction. *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010) (citing *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010); *Hyatt Int'l Corp.*, 302 F.3d at 715). Functionally, here, the question is whether exercising personal jurisdiction would violate federal due process. *See Mobile Anesthesiologists Chi.*, 623 F.3d at 443.

"Personal jurisdiction may be either general or specific." *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). "A defendant with 'continuous and systematic' contacts with a state is subject to general jurisdiction there in any action[.]" *Tamburo*, 601 F.3d at 701 (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). General jurisdiction will be found only when "the organization is 'essentially at home' in the forum state." *Kipp*, 783 F.3d at 698 (citing *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)). "Specific personal jurisdiction is appropriate when the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists Chi.*, 623 F.3d at 444 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). The specific jurisdiction question can be summarized as "whether the relationship between the plaintiff's claim and the defendant's contacts with the state made it fair to call the defendant into court there." *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 427 (7th Cir. 2010).

    **B.**    **Legal Standard for a Motion to Dismiss for Improper Venue Under Federal Rule of Civil Procedure 12(b)(3).**

Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)") allows a party to assert a defense of improper venue via motion. *See* Fed. R. Civ. P. 12(b)(3). Like the

5

issue of personal jurisdiction, the plaintiff bears the burden of establishing that venue is proper. *See e.g.*, *Hanyuan Dong v. Garcia*, 553 F. Supp. 2d 962, 964 (N.D. Ill. 2008); *Rotec Indus., Inc. v. Aecon Grp., Inc.*, 436 F. Supp. 2d 931, 933 (N.D. Ill. 2006). On a motion under Rule 12(b)(3), a court "take[s] all allegations in the complaint as true (unless contradicted by affidavit), draw[s] all reasonable inferences in favor of plaintiff, and may examine facts outside the complaint." *Hanyuan Dong*, 553 F. Supp. 2d at 964 (citing *Rotec Indus.*, 436 F. Supp. 2d at 933). In a diversity case, like this matter, venue is determined under 28 U.S.C. § 1391. *Hanyuan Dong*, 553 F. Supp. 2d at 964 (citing *Rotec Indus.*, 436 F. Supp. 2d at 933). Here, the relevant legal standard for determining if the Northern District of Illinois is a proper venue (because defendants reside in Illinois and Ohio and there is another district where this matter could be brought) is whether "a substantial portion of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. § 1391(b)(2).

### IV.   ARGUMENT

Even in the most favorable reading of the First Amended Complaint, this case is analogous to *Hawyard v. Taylor Truck Line, Inc.*, where the Northern District of Illinois granted a motion to dismiss a trucking company and its driver from a personal injury claim based on a lack of personal jurisdiction and improper venue. 2015 WL 5444787, at *22-23 (N.D. Ill. Sept. 14, 2015) (matter transferred to agreed proper venue). In the *Hayward* matter, the accident at issue occurred in Wisconsin, the trucking company was a citizen of Minnesota and the driver was a citizen of Minnesota. 2015 WL 5444787, at *1. The only relationship to the Northern District of Illinois, in the *Hayward* matter, was the citizenship of the plaintiff. *Id.* Here, the

trucking company, BSB Transport, is a citizen of California, as is the driver, Mr. Singh, and the accident occurred in Missouri. The other named defendant, the freight broker, is a citizen of Ohio. The only relationship to this forum, like in the *Hayward* matter, is the citizenship of Ms. Mendoza. Like the *Hayward* Court, this Court should dismiss the BSB Defendants for lack of personal jurisdiction. In the alternative, this Court should dismiss this matter for improper venue.

### A. This Court Lacks Personal Jurisdiction Over the BSB Defendants.

#### 1. The First Amended Complaint fails to establish general jurisdiction over the BSB Defendants.

As required to establish general jurisdiction, the BSB Defendants are not "essentially at home" in Illinois just because they drive trucks through Illinois. *See Kipp*, 783 F.3d at 698 (citing *Daimler AG*, 571 U.S. at 122; *see also Hayward*, 2015 WL 5444787, at *20 (citations omitted); *Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 431-433 (E.D. Pa. 2015); *Holman v. AMU Trans., LLC*, 14 C 04407, 2015 WL 3918488 (N.D. Ill. June 25, 2015), at *5-8 (no general jurisdiction where "AMU Trans' only contact with Tennessee is that it drove through it."). The only allegation in the First Amended Complaint that could be interpreted as an allegation of general jurisdiction is that "Defendants conduct substantial business in Illinois, including arranging for transportation of property through Illinois." **Ex. A** at 2. That is insufficient to show that the BSB Defendants are essentially at home in Illinois. *See e.g., Farber*, 84 F. Supp. 3d at 433 ("To hold otherwise, utilizing some formulation for general jurisdiction based on whether a corporation merely engaged in a substantial, continuous, and systematic course of business in the forum state would

be unacceptably grasping.") (internal quotations omitted) (quoting *Intellectual Ventures I LLC v. Ricoh Co.*, 67 F. Supp. 3d 565, 661 (D. Del. 2014)).

Mr. Singh has no personal ties to Illinois, has never been employed by an Illinois company, and has never lived in Illinois. **Ex. B**. BSB Transport has no registered agents in Illinois, no employees in Illinois, does not advertise in Illinois, and does not own any property in Illinois. **Ex. C**. Neither of the two BSB Defendants are subject to general jurisdiction in Illinois.

### 2. The First Amended Complaint fails to establish specific jurisdiction over the BSB Defendants.

The First Amended Complaint fails to establish specific jurisdiction over the BSB Defendants because there is no nexus between the alleged negligent activities in the First Amended Complaint and the BSB Defendants limited contacts with Illinois. Ms. Mendoza has two generic allegations of personal jurisdiction against the BSB Defendants: (1) they derive substantial business from Illinois and (2) the truck alleged to have been involved in the accident drove across Illinois. **Ex. A** at 2. But Ms. Mendoza is required to plead some relationship between the BSB Defendants contacts with Illinois and the accident that is the subject of the First Amended Complaint. *See e.g.*, *Dimitrov v. Nissan N. Am., Inc.*, No. 15 C 06332, 2015 WL 9304490, at *6-8 (N.D. Ill. Dec. 22, 2015). There is nothing pleaded in the First Amended Complaint that alleges negligent action in Illinois related to the accident in Missouri as would be required to establish specific jurisdiction on the basis of actions in Illinois for an accident in Missouri. *See Mobile Anesthesiologists Chi.*, 623 F.3d at 444.

Specific jurisdiction has been described as "conduct-linked jurisdiction." *Daimler AG*, 571 U.S. at 122. Under specific jurisdiction, "the commission of certain 'single or occasional acts' in a State may be sufficient to render a corporation answerable in that State with respect to those acts[.]" or a corporation may have "in-state activity that is 'continuous and systematic' and *that activity gave rise to the episode-in-suit.*" *Goodyear v. Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945)). Either formulation of specific jurisdiction requires an act in the forum state.

The First Amended Complaint does not allege any Illinois based conduct—other than the truck driving through the state—that could be interpreted as related to the accident alleged. And there is no negligence alleged for the driving of the truck through Illinois. Ms. Mendoza, in Response, cannot rely on her negligent entrustment claim to fabricate personal jurisdiction (by arguing that the entrustment allowed for negligence in Illinois). To allow that infinitely regressive argument would be to allow a trucking company to be haled into court in any state in which its vehicles traveled, a proposition that is not supported by any caselaw. Ms. Mendoza cannot establish specific jurisdiction because the BSB Defendants could not reasonably anticipate being haled into court in Illinois for an accident that in occurred in Missouri simply because the truck may have been driven through parts of Illinois, which is the key inquiry for a constitutional assertion of personal jurisdiction. *See Burger King Corp.*, 471 U.S. at 474.

Because Ms. Mendoza cannot establish either general or specific jurisdiction

9

over the BSB Defendants, the BSB Defendants should be dismissed from the First Amended Complaint.

### B. The Northern District of Illinois is an Improper Venue for the First Amended Complaint.

Ms. Mendoza could have brought her lawsuit against the BSB Defendants in the Eastern District of Missouri, where the accident occurred. Instead, Ms. Mendoza chose to file in the Northern District of Illinois. Under the general venue statute, under the facts of this case, Ms. Mendoza was required to bring her lawsuit in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. 1391(b)(2). "To be 'substantial,' it is enough to establish that the events that took place in Illinois were 'part of the historical predicate for the instant suit.'" *Master Tech Prods., Inc. v. Smith*, 181 F. Supp. 2d 910, 914 (N.D. Ill. 2002). However, the plaintiff must allege that tortious acts underlying the claim occurred in Illinois. *See e.g.*, *Hanyuan Dong*, 553 F. Supp. 2d at 965 (citing *Clark Prods., Inc. v. Rymal*, No. 02 C 6893, 2002 WL 31572569, at *4 (N.D. Ill. Nov. 19, 2002)). There are no such allegations in the First Amended Complaint.

None of the allegations in the First Amended Complaint tie allegedly negligent actions or omissions to Illinois or to the Northern District of Illinois. *See* **Ex. A** at 3-4, ¶ 10; 6-7, ¶ 15; 9-10, ¶ 11; and 12-13, ¶ 17. The only allegations related to venue are that (1) "Defendants conduct substantial business in Illinois, including arranging for the transportation of property through Illinois" and (2) "the subject load had been transported through Illinois." **Ex. A** at 2. Neither of those two statements establishes venue in the Northern District of Illinois. Neither of those two statements alleges any

form of negligence in Illinois or the Northern District of Illinois, they simply indicate that trucks went through Illinois. Ultimately, this case is like the *Hayward* matter—this is an automotive negligence action for an accident that occurred out of state against out of state defendants—and the First Amended Complaint should be dismissed for improper venue.

## V. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants Jujhar Singh and BSB Transport, Inc. respectfully request that this Court enter an order dismissing them from the case for lack of personal jurisdiction, or in the alternative, dismissing the First Amended Complaint for improper venue, and providing for such further relief as is just and proper.

Dated: December 27, 2019            Respectfully submitted,

                                                               JUJHAR SINGH and BSB
                                                               TRANSPORT, INC.

                                                               <u>/s/ Leighton O'Connell-Miller</u>
                                                               Perry Hoag
                                                               Leighton O'Connell-Miller
                                                               CAMELI & HOAG, P.C.
                                                               105 West Adams Street, Suite 1430
                                                               Chicago, Illinois  60603
                                                               (312) 726-7300 (t.)
                                                               (312) 726-7302 (f.)
                                                               phoag@camelihoaglaw.com (e.)
                                                               lmiller@camelihoaglaw.com (e.)

                                                               *Attorneys for Defendants Jujhar Singh*
                                                               *and BSB Transport, Inc.*

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that on December 27, 2019, he filed the foregoing document via this Court's CM/ECF system, which will provide service on all parties of record.

                   /s/ Leighton O'Connell-Miller